KLIEBERT, Judge.
Plaintiff-appellant, Mrs. Anna Olivier[1] filed suit against Louisiana Gas Service Company (LGS) and the Parish of Jefferson seeking to recover damages for unauthorized construction of two pipelines across property now owned by plaintiff. Since the lines were constructed some twenty-five years prior to filing of suit, the trial court granted defendants’ motion for summary judgment for the following reasons: (1) the two year prescriptive period for damages arising out of a public works provided for by LSA-R.S.9:5624[2] had run, and (2) the defendants had, through acquisitive prescription provided for under La.C.C. Article 742,[3] acquired a servitude for the pipelines. The plaintiff appealed. For the reasons hereinafter stated, we set aside the trial court’s judgment and remand for further proceedings.
In 1957 the Parish of Jefferson constructed a three-inch gas line and an eight-inch water line over a lot of ground fronting on Bayou Barataria, at a point about 155 feet downstream from the Waggoner Highway Bridge near Crown Point. In 1968 the plaintiff acquired a 50% interest in the lot, 25% by inheritance and 25% by a conveyance arising out of a partition.
In January 1978 the Parish transferred to LGS the entire Lafitte-Barataria-Crown Point natural gas distribution system, which included the three-inch line here in question and included “all of the rights of way and servitudes” acquired by the Parish in connection with the system.
The plaintiff brought this action in March 1983. She alleged: (1) an ownership interest in the lot over which the lines were constructed, (2) neither she nor her predecessors in title granted a right of way for the line, and (3) she did not become aware of the existence of the lines on the property until July 1981. Both defendants filed a motion for summary judgment. The motions were granted by the trial judge.
Although it is true, as contended by defendants, that LSA-R.S. 9:5624 provides *69 a two year liberative prescriptive period for damages arising out of the construction of a public work, it must be read in conjunction with the 1921 Constitutional provision, Article 1, Section 2[4] and the 1974 Louisiana Constitutional provision, Article 1, Section 4;[5] the plaintiffs petition, and our jurisprudence.
Although plaintiffs petition states that it is an action in trespass, as may be noted from the entirety of the petition, and in particular paragraph 4 thereof, plaintiff alleges that “... the taking by these defendants has resulted ... in damages ...” Therefore, we construe the petition not only as an action for trespass, but in addition an action for the unlawful appropriation or taking of plaintiffs property.
In A.K. Roy, Inc. v. Board of Commissioners, 237 La. 541, 111 So.2d 765 (1959), where plaintiff was seeking damages from an unlawful appropriation, the Supreme Court refused to apply LSA-R.S. 9:5624 (as it read prior to 1987) because:
“This Section [R.S. 9:5624] is equally in-apposite to the case at bar, since, by its very language, it applies only ‘when private property is damaged for public purposes,’ but not to actions for the recovery of the value of the property taken for public purposes.”
"No person shall be deprived of life, liberty or property except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
Since there was neither a lawful appropriation nor a legal expropriation here, under the supreme court ruling in the A.K. Roy ease, R.S. 9:5624 has no application to the case at bar.[6] Moreover, given the applicable constitutional provisions and the fact LGS has been in possession for less than ten years when the suit was filed, neither defendant could acquire a servitude by acquisitive prescription provided for by Civil Code Article 742. Hence, we hold the trial court erred as a matter of law in granting the motion for summary judgment.
Nevertheless, the State and LGS are entitled to remain in possession of the land taken provided there is compliance with the requirements of LSA-R.S. 19:14 and/or LSA-R.S. 13:5111.
Accordingly, we set aside the trial court's granting of the motion for summary judgment and remand the case for further proceedings. Appellee to bear all costs of the appeal.
SET ASIDE AND REMANDED.

. The original plaintiffs in this case were Mrs. Anna Olivier and Mrs. Vincent Cerniglia, who were each owners of one-half interest in the property at the time of instituting this proceeding. Mrs. Cerniglia dismissed her claim with prejudice on November 6, 1986.

. At the time the property was taken, LSA-R.S. 9:5624 read as follows:
"When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run when the damages are sustained.”

.Louisiana Civil Code Article 742 provides as follows:
"The laws governing acquisitive prescription of immovable property apply to apparent ser-vitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.”

. The 1921 Constitutional provision, Article 1, Section 2, provides as follows:

. The 1974 Louisiana Constitutional provision, Article 1, Section 4 provides as follows:
"Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken.
This Section shall not apply to appropriation of property necessary for levee and levee drainage purposes.”

.In addition to LSA-R.S. 9:5624, in the lower court the defendants had also relied on the prescription set out in LSA-R.S. 19:2.1(B) and Civil Code Article 2630, but on appeal apparently conceded to the trial court’s ruling that these statutes were applicable only to actions for damages and claims resulting from a legal expropriation of land. In that connection see Jungeblut v. Parish of Jefferson, 485 So.2d 974 (5th Cir. 1986).